THOMAS M. GOODEN, JR., and HARRY CLARK, trading as Gooden & Clark, defendants below, appellants, v. ROBERT DAVIS MITCHELL, plaintiff below, appellee.

304

(*April* 24, 1941.)

TERRY, J., sitting.

*William Marvel* for appellants.

*James M. Tunnell, Jr.,* for appellee.

Superior Court for Kent County, No. 34, February Term, 1939.

TERRY, Judge.

There are only three issues to be determined under this appeal, as argued and briefed by counsel, which are as follows:

(1)  The appellants contend that the appellee was an independent contractor at the time his injury was sustained.

(2)  The appellants contend that the appellee was not employed under any contract of hire, or performing services for a valuable consideration.

(3)  The appellants contend that the employment, if any, of the appellee was casual and not in the regular course of business of the appellants.

The first issue must be determined from established law as applicable to the facts set forth in the record herein. Before determining this question it should be stated that the Industrial Accident Board found that the relationship of master and servant existed between the appellants and appellee.

The words "master" and "servant," as used in the opinion of the Industrial Accident Board, are synonymous to the words "employer" and "employee," and the word "servant" connotes "every person in service," etc., as used in Section 43, Chapter 185, Volume 42, Laws of Delaware, amending *Rev. Code* 1935, § 6113.

Engrossed within the ordinary comprehension which it implies, the expression "independent contractor" is entirely descriptive. It suggests, so to speak, a class or group. The expression in a legal sense, however, designates a relationship, under which, when established, certain rights and liabilities attach. Usually, the expression is applied to one who is engaged to do work in an independent manner, accountable only as to the results obtained, and not subject to the control or supervision of the employer. *Alexander v. Sherman's Sons Co.*, 86 *Conn.* 292, 85 *A.* 514; 21 Words and Phrases, Perm. Ed., 10, 27 Am. Jr. 481.

There are other well recognized and fairly typical indicia of the status of an independent contractor; that is, a contractor's obligation to furnish his tools, supplies, material used in the work, the element of time of said employment, the method of payment, whether the work is part of the regular business of the employer, and whether or not the employer has the privilege to terminate the same at his convenience or command.

It would be a hopeless task for any Court to lay down a rule whereby the standing of men laboring and con-

tracting together could be definitely construed in all cases as employees or independent contractors. Each particular case must, out of necessity, depend on its own facts, and ordinarily no one characteristic of the relation is decisive. All of the characteristics must be considered. Consequently, in a majority of the cases the question becomes one of fact.

In connection with what I have just said, it must be recognized as a practical proposition that under every contract requiring work to be done the employer reserves a certain amount of control. For instance, at all times the employer reserves the right to see that the contract to be performed is performed according to designated specifications. Such a control or exercise over the work to be performed would not necessarily render an independent contractor a mere employee, as the relationship of employer and employee is not deductible from a reservation of power which does not take away from the contractor his right to perform the contract according to his own ideas, so long as his work in completing the contract is consistent with the terms and specifications thereof. 27 Am. Jr. 488.

The test most indicative as to whether or not a person is an independent contractor, or an employee, lies in the control of the work which is reserved by the employer. It is not necessarily the exercise of control or interference by the employer, but the existence of the right of control or to interfere, which renders one an employee rather than an independent contractor.

The term "employee," as used within the scope of the "Workmen's Compensation Act of 1917," as amended, connotes a person other than an independent contractor. The word "employee," as used in Section 43, Chapter 185, Volume 42, Laws of Delaware, embraces all persons working for others under any contract of hire, expressed or im-

plied, oral or written, or performing services for a valuable consideration, excepting those whose employment is casual and not in the regular course of the trade, business, profession or occupation of their employer.

The Industrial Accident Board had before it the witnesses in this case, and, by reason thereof, had an opportunity to observe the demeanor of each and to form an impression regarding the weight to be given to the testimony of each, an advantage I do not have. Consequently, findings of fact on appeal, in cases such as before me, should not be disturbed if there is evidence in the record from which such a conclusion of fact could be fairly drawn.

The testimony of Clark, a member of the partnership of Gooden & Clark, appellants, in and of itself is sufficient, in my opinion, to justify a conclusion that the appellants reserved both the privilege to supervise the moving of the truck and crane, and to terminate the employment for which the appellee was engaged.

From a careful reading of all the testimony, there exists sufficient proof, in my opinion, to justify the finding by the Board below that the relationship of master and servant did, in fact, exist between the appellants and the appellee as of the date and time the injuries herein complained of were sustained.

Under the second issue presented the appellants contend that the appellee was not employed under any contract of hire, or performing services for a valuable consideration.

The contention of the appellants, under this issue, is divided into three parts:

(1) That appellee was employed by one Williamson, owner of said truck and crane, and sent by Williamson to move the same.

(2) That appellee was a volunteer rendering to appellants a gratuitous service.

(3) That no contract of employment existed between the appellants and appellee, as no understanding was reached concerning what compensation, if any, should be paid appellee.

As to the first contention hereunder, the record does not disclose any testimony that would justify the position of the appellants, as it nowhere appears that Williamson, the owner of the truck and crane, had any knowledge of the fact that the truck and crane were not being operated by Gooden & Clark, the appellants. It does, however, appear that Clark knew the appellee, and that he had knowledge that the appellee was employed by George & Lynch, contractors, and, further, that Clark did not inquire of the appellee as to who sent him to move the truck and crane.

After considering all of the testimony on this point, the Board below apparently disregarded this contention as raised by the appellants, and I am unable to conclude that the Board was in error relative thereto.

As to the second contention hereunder, the fact that the appellee was a volunteer in and of itself is insignificant, as a volunteer is one who merely offers his service on his own free will, as opposed to one who is conscripted. A volunteer rendering a gratuitous service would not come within the contemplation of the "Workmen's Compensation Act."

Clark, aforesaid, of the appellants, testified that no amount was agreed upon between the appellants and appellee; that ordinarily there was no charge for such service as rendered by the appellee, and at times the appellants had similar work done without charge.

The appellee, however, testified that he expected to be paid, and that the amount of payment for such work was usually arrived at after the work had been completed.

The language of the Board's opinion, relative to this contention, is not set forth in detail, yet, in reaching its conclusion, it necessarily held that the employment was such that would entitle the appellee to the benefits under the "Workmen's Compensation Law." Therefore, the finding of the Board was to the effect that the services were rendered with the expectation of reasonable compensation.

The evidence of the appellee concerning this contention is sufficient, in my opinion, to warrant the Board in finding that the employment was such that would entitle the appellee to the benefits under the "Workmen's Compensation Law," and, not having heard the testimony below, this finding definitely should not be disturbed.

Under the third contention hereunder, the appellants contend that no contract of employment existed between the appellants and appellee, as no understanding was reached concerning what compensation, if any, would be paid appellee.

The Board found, as a fact, that the relationship of master and servant did exist, and that the appellee was entitled to compensation regarding his employment. The fact that the amount of wages was not agreed upon is immaterial. The law under such circumstances will imply a reasonable compensation. *Tarr v. Hecla Coal & Coke Co.*, 265 *Pa.* 519, 109 *A.* 224.

Now I shall determine the third contention of the appellants, that the employment, if any, of the appellee was casual and not in the regular course of business of the appellants.

Section 43, Chapter 185, Volume 42, Laws of Delaware, provides that the term "employee," as used in said Act, shall be construed to mean

"Every person in service * * * of any association, of any firm or of any person * * * under any contract of hire, expressed or implied, oral or written, or performing services for a valuable consideration * * * excluding any person whose employment is casual and not in the regular course of the trade, business, profession or occupation of his employer * * *."

Our "Workmen's Compensation Law" evidently was passed for the mutual benefit of employers and employees directly engaged in the regular course of industrial or business life. It is a silent recognition of the fact that such employees differ from those workers for hire who keep themselves detached, in order to use their labor and abilities and best markets in most advantageous ways, which may, from time to time, present themselves.

The Legislature, in enacting our "Workmen's Compensation Law," found it advisable to exclude employees whose work was casual and not in the regular course of business of their employer, and by so doing cast a burden upon each employee requesting benefits under the Act to establish the fact that his employment was in the regular course of his employer's business, as, if this fact be proved, it seems immaterial as to whether or not such employment was casual.

Employees are engaged in casual employment when they are employed only occasionally, irregularly or incidentally, as distinguished from those employed regularly and continuously. In the case before me the work of the appellee was for a limited and temporary purpose not connected with or constituting any continued employment,

and, by reason of this, his employment fell within the contemplation of the statute and was casual.

The important question under this contention to be decided is whether the employment was in the regular course of the appellants' business.

The words "regular course of * * * business" have reference to the habitual or regular occupation that the party is engaged in, with the view of winning a livelihood or some gain, and the most natural meaning is that they refer to the normal operation which regularly constitutes the business of the employer. What constitutes the regular course of business of an employer must be determined by the facts and circumstances of each particular case.

In the case of *Holbrook v. Hotel Co.*, 200 *Mich.* 597, 166 *N. W.* 876, 878, the Supreme Court of Michigan held

"It would seem that occasionally renovating the rooms of a building, or the building itself, owned and occupied by the owner as a home, with paint or paper or both, is not in the usual course of the trade, business, profession or occupation of the owner, unless he is himself in the business of painting and decorating."

In the case of *Pelton v. Johnson*, 179 *App. Div.* 949, 165 *N. Y. S.* 1103, the Court held that a hotel proprietor was not liable for injuries to a carpenter who was engaged in repairing his hotel.

In the case of *Maryland Casualty Co. v. Pillsbury*, 172 *Cal.* 748, 158 *P.* 1031, 1032, the Court held that a machinist employed by a farmer merely to repair a tractor was not in the usual course of occupation of the farmer, and in said opinion the Court stated

"[It was] no more farm labor [because the work was done on the farm] than it would have been if the machine had been taken to [the machinist's] shop * * * and there repaired."

In the case of *Quick v. Kintner & Son,* 113. *Pa. Super.* 108, 172 *A.* 189, the Court therein held that a carpenter injured while engaged by butchers on work of enlarging storerooms and constructing apartments for renting purposes at the time he sustained his injury was not entitled to compensation, as he was not engaged in the regular course of business of his employers.

In the case of *Passarelli v. Monacelli,* 121 *Pa. Super.* 32, 183 *A.* 65, the Court held that an employee who was engaged for a few days to assist in placing a curb stone to prevent water from leaking into the cellar of a warehouse for employer whose regular business was trucking and warehousing undoubtedly was engaged in work the result of which improved the premises of the employer. However, such employment could not be considered within the regular course of business of trucking and warehousing in which the employer was regularly engaged.

In the case of *Hauger v. H. W. Walker Co.,* 277 *Pa.* 506, 121 A. 200, the employer was a manufacturer of ice cream and other dairy products, and had as its factory foreman Marlin Miller, who was charged with the duty of keeping the plant in operation and with making such small repairs as he could by himself, or with the assistance of other men in the regular employ of the company, but, when there was some major job of repairing to be done, he, as factory foreman, called in decedent who was an expert machinist to assist in doing this character of work. While engaged in the performance of his duty under such employment, decedent was killed in plaintiff's place of

business. The Pennsylvania statute under which this case was decided is similar to ours, and the Court held that the employer having made the repairing of its machinery a part of the regular course of its business, decedent was its employee and was killed while engaged in the regular course of business of his employer.

In the case of *Dunlap v. Paradise Camp*, 305 *Pa.* 516, 158 *A.* 265, the defendants, owners of property in Monroe County on which they conducted, as a business, a boys' camp, employed plaintiff, a day laborer, to enlarge and improve a drainage ditch on the premises, which he had in the former year opened, and to fix up the property for camp purposes. In the course of this work, the plaintiff was struck in the eye by a small stone chipped from a larger one. The Court therein held getting the camp ready for occupancy each year was carrying out the regular program. The enlarging of the ditch was a part of the business as much as cutting the weeds, trimming bushes, and the details involved in the preparation, and that the plaintiff, at the time of his injury was engaged in the regular course of business of the employer.

The testimony in the case before me reveals that the appellants were contractors engaged in the construction of a bridge; that the appellants had obtained a truck and crane for the purpose of excavating, in conjunction with the construction of said bridge; that the truck and crane were used for a short time and left at or near a point where certain blasting or dynamiting had to be done, in order that the work for which the appellants were engaged could be continued in its normal course. The testimony further reveals that the appellants had in their employ persons capable of moving said truck and crane; that the appellants, instead of directing one of their employees to move said truck and crane, directed the appellee to do so, and, while

so engaged, the appellee sustained the injuries herein complained of.

In this case blasting was necessary, and blasting could not be accomplished without destruction to the truck and crane. Therefore, in order for the regular course of business of the appellants to progress, it became necessary to move the truck and crane. In other words, it was in line of appellants' business, in order that their work might progress, to move from time to time any tools or machinery that, because of their position, delayed or impeded the progress of appellants' business.

The third contention of the appellants must be dismissed, as I am of the opinion that the injury to the appellee was sustained at a time when the appellee was engaged in work concerning the regular course of business of the appellants.

The opinion of the Industrial Accident Board below sets forth that the relationship of master and servant did exist, and that the injury sustained by the appellee was a compensable one under the "Workmen's Compensation Law." It should have been stated in the opinion that a contract of hire was implied, and that the services were performed by the appellee for a valuable consideration, and, further, that the appellee's employment was casual and in the regular course of business of the employer.

The only inference that I can draw from the Board's conclusion is that it found these facts to be proved to its satisfaction, in order for it to conclude that the injury was a compensable one under the "Workmen's Compensation Law."

For the reasons herein stated, the award of the Industrial Accident Board made herein is hereby affirmed. It is

ordered that a copy of this opinion be filed in the Prothonotary's Office of this County, and a certified copy sent to the Industrial Accident Board. The costs are hereby taxed against Thomas M. Gooden, Jr., and Harry Clark, trading as Gooden & Clark, appellants herein.