IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIOACCHINA RANDAZZO, | : | C.A. No. K16C-07-024 JJC |
| | : | |
| v. | : | |
| | : | |
| JAMES S. COCHRAN, and AIR | : | |
| BASE CARPET MART, INC. | : | |
| d/b/a Carpet & Tile Mart, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Submitted: February 12, 2018
Decided: February 22, 2018

On this 22nd day of February 2018, having considered Defendant Air Base Carpet Mart, Inc's (hereinafter "Air Base's") motion for summary judgment, and Plaintiff Gioacchina Randazzo's (hereinafter "Ms. Randazzo's") response in opposition, it appears that:

1. The matter involves an August 12, 2014 automobile accident. Ms. Randazzo alleges that Defendant James S. Cochran (hereinafter "Mr. Cochran") negligently caused her significant injury. At the time of the collision, Mr. Cochran was in route from Air Base's business location to install carpet at an Air Base customer's home. Ms. Randazzo alleges, *inter alia*, that Mr. Cochran was rushing to deliver carpet because rain was approaching and because the carpet did not fit in his van and extended from the rear of the vehicle.

2. Air Base, the company supplying the carpet and contracting with the

homeowner for its installation, seeks summary judgment arguing that Mr. Cochran was an independent contractor and that no available exception makes Air Base vicariously liable for his alleged negligence. Ms. Randazzo counters that there are sufficient issues of fact as to both threshold status and as to multiple exceptions to the general rule against independent contractor vicarious liability.

3. In support of Air Base's motion, both Mr. Cochran and Air Base submitted affidavits stating that they considered Mr. Cochran to be an independent contractor. Air Base also points, *inter alia*, to the following facts of record in support of its argument: (1) Mr. Cochran entered into a written independent contractor agreement to perform carpet installations for Air Base; (2) Mr. Cochran supplied his own tools and equipment, and the van involved in the accident; (3) he was paid by the job and receives an IRS Form 1099 for the income he earned from Air Base; and (4) twenty percent of his work came from sources other than Air Base.

4. Facts of record relied upon by Ms. Randazzo in opposing the motion include: (1) eighty percent of Mr. Cochran's work came from one company, Air Base and he has performed work for Air Base for ten years; (2) Air Base sold the carpet to customers and had Mr. Cochran deliver and install it; (3) Air Base gave Mr. Cochran a window of time within which the carpet was to be installed; and (4) pursuant to Mr. Cochran's written contract with Air Base, he was responsible for collecting the money for the carpet and returning it to Air Base.

5. Summary judgment may only be granted if the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. [1] The Court must view the evidence in the light most favorable to the non-moving party. [2] The burden of proof is initially on the moving party. [3] However,

---

[1] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[2] *Brozaka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[3] Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

if the movant meets his or her initial burden, then the burden shifts to the non-moving party to demonstrate the existence of material issues of fact. [4] The non-movant's evidence of material facts in dispute must be sufficient to withstand a motion for judgment as a matter of law and must be sufficient to support the verdict of a rational jury. [5]

6. The threshold issue here is Mr. Cochran's status. If Mr. Cochran was a servant of Air Base, then Air Base will be vicariously liable for any harm caused by his negligent actions pursuant to the doctrine of *respondeat superior*. If he was an independent contractor, as a general rule (but subject to several exceptions) Air Base is not liable for his negligent actions. Depending upon the right of control capable of being exercised by the principal, those performing contractual services for another are characterized as either servants or independent contractors.[6] If the principal assumes the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the contract, a master/servant type of agency relationship exists.[7]

7. In determining whether one acting for another is a servant or an independent contractor, the Delaware Supreme Court recognized Section 220 of the *Restatement (Second) of Agency* (hereinafter "Section 220") as an authoritative source for guidance.[8] The factors to be considered in deciding whether a tortfeasor is a servant or an independent contractor are:

> (a) the extent of control, which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to  whether, in the locality, the work is usually done under the direction of the employer or by a specialist

---

[4] *Id*. at 681 (citing *Hurtt v. Goleburn*, 380 A.2d 134 (Del. 1974)).
[5] *Lum v. Anderson*, 2004 WL 772074, at *2 (Del. Super. Mar. 10, 2004).
[6] *Fisher v. Townsends, Inc.*, 695 A.2d 53, 59 (Del. 1997).
[7] *Id*. (citing *Gooden v. Mitchell*, 21 A.2d 197, 200–01 (Del. Super. 1941)).
[8] *Id*.

3

without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is part of the regular business of the employer; (i) whether or not the parties believe they are creating the relation of master and servant; and (j) whether the principal is or is not in business.[9]

8.   In determining whether a person is a servant or independent contractor, the Delaware Supreme Court recognized that no single rule exists to determine whether a given relationship is that of a servant or an independent contractor.[10] Each case depends on its own facts and the determination is ordinarily made by the factfinder.[11] Here, both contracting parties attest that they intended for Mr. Cochran to be an independent contractor. That is certainly a factor weighing in favor of his independent contractor status. However, the "label by which parties to a relationship designate themselves is not controlling."[12]

9.   Without exhaustively reviewing the factors in this case, the Court acknowledges that Air Base forcefully and correctly emphasizes many factors favoring Mr. Cochran's independent contractor status. Nevertheless, a lesser extent of Section 220 factors favor fixing his status as a servant. They do so to an extent sufficient to generate a material issue of fact for the jury to consider. For instance, Mr. Cochran testified that the majority of his work is for Air Base; his written contract with Air Base provides that after installing the carpet, he is to collect payment from the customer and deliver the payments to Air Base; he reports to Air Base to receive his assigned installations; and, he has performed work for Air Base

---

[9] *Restatement (Second) of Agency* § 220 (1958).
[10] *Fisher*, 695 A.2d at 59 (Del. 1997).
[11] *Id.*
[12] *Id.* at 60 (quoting *Singleton v. International Dairy Queen, Inc.,* 332 A.2d 160, 163 (Del. Super. 1975)).

for over ten years. As the Supreme Court held in *Fisher*, under circumstances requiring a balancing of Section 220 factors, the jury will need to decide the question of whether Mr. Cochran was a servant or an independent contractor.[13] In this regard, a genuine issue of material fact exists regarding whether Mr. Cochran was in a servant or independent contractor relationship with Air Base. Summary judgment for that reasons is inappropriate.

10. Secondly, in addition to the threshold status issue, there is one exception to the general rule against vicarious liability that alternatively generates a triable issue of fact in this case. That is, there is an issue as to whether Mr. Cochran acted as an agent-independent contractor at the time of the collision. Generally, an employer will not be liable for the torts of an independent contractor which are committed in the performance of the contracted work.[14] The employer's freedom from liability is premised on his lack of control over the manner in which the contractor performed his work.[15] However, the rule can be said to be "general" only in the sense that it is applies when no good reason is found for departing from it.[16]

11. Ms. Randazzo cites the Superior Court decision *Colon v. Gannett*[17] in support of her position. That decision recognizes that the general rule has been substantially eroded by a number of exceptions.[18] The parties, through their motion and supplemental argument requested by the Court, addressed the issue of whether or not there was an issue of fact regarding Mr. Cochran's potential status as an agent-independent contractor. Initially, the parties primarily focused their arguments on

---

[13] *Id.* (holding that the Superior Court should instruct the jury to decide the question of whether the subject was a servant or independent contractor by "specifically considering the non-exclusive 'matters of fact' set forth in Section 220 of the *Restatement (Second) of Agency*.").

[14] *Restatement (Second) of Torts* § 409 (1965); *see also Fisher*, 695 A.2d at 58.

[15] *Chesapeake and Potomac Tel. Co. of Md. v. Chesapeake Utils. Corp.*, 436 A.2d 314, 324 (Del. 1981).

[16] *Id.* (citing *Restatement (Second) of Torts* § 409 cmt. b).

[17] *Colon v. Gannett Co., Inc.*, 2012 WL 3090916 at *2 (Del. Super. July 26, 2012).

[18] *Id.* at *2 (citing *Restatement (Second) of Torts* §§ 410–429)).

the first part of the *Fisher* decision involving the master/servant issue. After oral argument, the Court referred the parties to the second part of the *Fisher* decision and invited supplemental written submissions.

12. *Fisher* held that although a person cannot be a servant and an independent contractor, a person can be an independent contractor and an agent.[19] Namely, the Delaware Supreme Court held in that decision that a principal can be vicariously liable if the tortfeasor is an "agent-independent contractor."[20] If the owner or contractee's control or direction dominates the manner or means of the work performed, the non-agent status of the independent contractor can be destroyed and the independent contractor becomes an agent capable of rendering the principal vicariously liable for the acts of the independent contractor.[21] Moreover, in *Fisher*, the Delaware Supreme Court held that "[t]his determination is 'almost entirely one of fact." [22]

13. Here, after considering the facts of record, the Court finds that there are also sufficient facts to create a triable issue of fact regarding whether Air Base dominated the manner or means of the work performed to a sufficient degree to impose vicarious liability upon Air Base. Facts of record that support Mr. Cochran's agent-independent contractor status include that he picked up Air Base's supplied carpet, delivered it within an installation window set by Air Base, installed it, and then collected money for it and returned that money to Air Base. An accident occurring within such a window of activities, given the Delaware Supreme Court's clear direction that this issue is "almost entirely one of fact," must also be evaluated

---

[19] *Fisher*, 695 A.2d at 61; *see also Restatement (Second) of Agency* § 14 N (1958)(providing that "[o]ne who contracts to act on behalf of another and subject to the other's control except with respect to his physical conduct is an agent and also an independent contractor.").
[20] *Id.*
[21] *Id.*
[22] *Id.*

6

by the jury if the jury first determines that Mr. Cochran was an independent contractor.[23]

14. Finally, the evidence highlighted through the motion and response demonstrates no material issues of fact regarding any other exception. For instance, Ms. Randazzo advocates the applicability of the exception providing vicarious liability when independent contractors engage in work creating an unreasonable risk of bodily harm to others.[24] After considering the facts of record, the Court does not find that Mr. Cochran's delivery of carpet creates a genuine issue of material fact under the inherently dangerous work exception.

WHEREFORE, for the aforementioned reasons, Defendant Air Base's Motion for Summary Judgment is DENIED on the issue of whether Mr. Cochran is a servant or an independent contractor and whether, if he was an independent contractor, he was Air Base's agent at the time of the accident nevertheless.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[23] *Id.*

[24] *See Restatement (Second) of Torts* § 427 (providing that "one employee is an independent contractor when the employer knows the work is inherently dangerous is subject to liability for physical harm caused by the contractor's failure to be reasonably precautious.").