STRABRIDGE & CLOTHIER,
Defendant Below, Appellant,

v.

Robert CAMPBELL, Claimant
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 19, 1985.

Decided: May 3, 1985.

George B. Heckler, Jr., Heckler, Cattie & Phillips, Wilmington, for appellant.

Kester I.H. Crosse, Crosse & Gregory, Wilmington, for appellee.

Before HERRMANN, C.J., and McNEILLY and CHRISTIE, JJ.

PER CURIAM:

In this workmen's compensation case, the question is whether, in defense to a petition for disability benefits, an employer must establish alternative theories of causation for an accident, or whether it is sufficient for the employer merely to present evidence rebutting the claimant's allegation that the injury is work-related. We find that an employer defending against such a petition need not raise and prove alternative theories of causation in order to prevail.

I.

The claimant, Robert Campbell, was employed in the Housekeeping Department of the Strawbridge & Clothier department store. In May 1979, the claimant and another employee were loading an air conditioner into a customer's car when the other employee dropped his end of the air conditioner. The entire weight of the air conditioner fell on the claimant who immediately felt a shooting pain in his neck which then travelled down his right side into his hip and knee.

Pursuant to a voluntary agreement, the claimant received total disability benefits from May 1979 through January 7, 1980, on which date the employer filed a Petition to Terminate benefits. The claimant re-

turned to work in July 1980, but voluntarily terminated his employment in November 1980. A hearing on the Petition to Terminate was scheduled for May 1981, but the claimant failed to appear; the Industrial Accident Board (hereinafter "the Board") approved the Petition, effective January 1980.

In June 1982, the claimant filed a Petition for permanent partial disability as a result of recurring back problems. In November 1982, the Board conducted a hearing during which it heard testimony from the claimant, the employer's supervisor, a general surgeon testifying for the insurance carrier, and a neurosurgeon testifying by deposition for the claimant.

The Board denied the claimant's Petition, finding "that the claimant has not met his burden of proof to show that the herniated discs were suffered as a result of a compensable industrial accident."

Upon appeal, the Superior Court reversed.

## II.

In reversing the decision of the Board, the Superior Court relied upon *Santiago v. Food Crafts, Inc.*, Del.Super., 286 A.2d 762 (1971), *aff'd*, Del.Supr., 300 A.2d 2 (1972), and stated that " 'it is incumbent upon one seeking to attribute disability to a cause unrelated to accidental injury within the course of employment to establish alternative theories of causations.' " Upon the basis of *Santiago*, the Superior Court held in the instant case that because the employer presented no alternative theories of causation, the Board's finding was not supported by substantial evidence and the claimant was therefore entitled to recover disability benefits. This was error.

The *Santiago* case is not authority for such result where the claimant is the moving party and the employer raises no affirmative defense.

■ The language of *Santiago*, upon which the Superior Court relied, must be considered in its full context:

It is now well settled that an employer or an insurer seeking to reopen an award of workmen's compensation or otherwise to secure a diminution or discontinuance of benefits has the burden of demonstrating the facts relied upon. [citations omitted] Pursuant to this general rule of law it is encumbent upon one seeking to attribute disability to a cause unrelated to accidental injury within the course of employment to establish the alternative theories of causation.

286 A.2d at 764. Thus, as the *Santiago* case makes clear, the ultimate burden of proof is on the moving party. Where the employer files a Petition to Terminate or otherwise seeks to modify existing benefits, the employer is the moving party, and consequently bears the burden of proving that an injury is not work-related. *Avon Products v. Lamparski*, Del.Supr., 293 A.2d 559 (1972). *See* Larson's Workmen's Compensation Law § 81.33(c) (1984). However, as in this case, where the claimant is the party who seeks action from the Board by filing a Petition for disability benefits, it is settled that the claimant bears the burden of proving that the injury was work-related. *Johnson v. Chrysler Corp.*, Del. Supr., 213 A.2d 64 (1965).

■ The employer here raised no affirmative defense; it merely presented medical evidence to contradict and refute the claimant's assertion that his injury was work-related. The employer proffered no affirmative theory as to the cause of the claimant's complaint; it merely sought to disprove the claimant's theory of the case through rebuttal evidence. The Board found the employer to have raised sufficient doubts, as to the claimant's assertion that his injury was work-related, such that the claimant failed to sustain his burden of proof. In the absence of any affirmative representations on the employer's part as to the cause of the claimant's injuries, the Board correctly placed the ultimate burden of proof on the claimant.

Accordingly, we hold that the Superior Court erred in reversing the Board on the

basis of a finding that the employer must establish that the claimant's injury resulted from a specific cause other than one related to work.

\* \* \* \* \* \*

For the foregoing reasons, the judgment below is reversed and the cause remanded for further proceedings consistent herewith.